ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUN 1 9 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-318 C |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**Transfer Amended Complaint**

Comes now the Plaintiff, Hilda M. Griffin, pursuant to RCFC 3.1(a)(2) and asserts the following cause of action against Defendant:

**Parties**

1. Plaintiff Hilda M. Griffin was at all relevant times employed as a civilian employee of the Headquarters, United States Army Reserve Command at Fort McPherson, Georgia. She is a female employee entitled to equal pay, regardless of gender, under the Equal Pay Act, 29 U.S.C. § 206(d) and § 203(e)(2)(A)(i).

2. Defendant The United States is the proper party Defendant under 29 U.S.C. § 206(d)(1) and § 203(e)(2)(A)(i).

**Jurisdiction and Venue**

3. The Complaint asserts claims under 29 U.S.C. 206(d)(1). This Court has jurisdiction over these Federal claims under 28 U.S.C. § 1491(a)(1).

**Factual Allegations**

4. Plaintiff Hilda M. Griffin is a long-term civilian employee of the Department of the Army. By 1999, she had been promoted to the position of Chief of the Full Time Integration Branch of the Force Programs Integration Division at Headquarters, U.S. Army Reserve Command, Fort McPherson, Georgia. This position was assigned the classification under federal position classification standards as a GS-343-13 Supervisory Management Analyst.

5. As Chief of the Full Time Integration Branch, Plaintiff Griffin was supervised by an active duty Army officer, the Force Programs Integration Division Chief, whose rank and pay grade was Lieutenant Colonel. This Division Chief, in turn, was supervised by the Director of Force Programs, a position held by an active duty Army officer holding the rank and grade of Colonel.

6. In 1998, the authority to classify positions like that held by Plaintiff at Reserve Command had been delegated to the Director of Force Programs. This classification authority remained with the Director through subsequent years.

7. In 1999, a reorganization of the Force Program Directorate led to the creation of a "Command Integration Branch." The position created to manage this branch was classified as a GS-343-14 position, one pay grade higher than the position held by Plaintiff Griffin.

8. Plaintiff Griffin applied for promotion to the GS-343-14 Command

Integration Branch Chief position. Because Ms. Griffin, among others, held a position classified in the same series at the next lower grade in the same organization, Reserve Command was obliged to consider her and other candidates for the position rather than simply promote the male supervisor in the preexisting branch. Review of Ms. Griffin's qualifications established that she was highly qualified for the position, but she was passed over and a male applicant, William G. Veal, was selected for the position.

9. In 2000, deficiencies in the performance of another functional team in the Division led to a reorganization that put its personnel and function under Plaintiff's supervision. This reorganization gave Ms. Griffin greater functional and supervisory responsibilities than were assigned to the branch supervised by Mr. Veal, whose position had been classified at the higher [14] grade level, and required of Ms. Griffin equal or greater skill, effort and responsibility, performed under similar working conditions, as were required of Mr. Veal.

10. As a result of Ms. Griffin's increased responsibilities, her Division Chief and Director, LTC Bergeson and COL Lee, initiated action to reclassify her position to the higher grade [14] and promote her into the position on this accretion of duties.

11. Under the 1998 classification authority, COL Lee had the authority to classify Ms. Griffin's Branch Chief position.

12. In January 2002 a request for personnel action package was prepared to promote Ms. Griffin to the higher GS-14 grade level.

13. In late winter or early spring, 2002, COL Lee and his deputy, Paul Vilcoq, met with Defendant Williamson, the Command Executive Officer, who challenged the personnel action package supporting Ms. Griffin's promotion.

14. The reason proffered by Mr. Williamson for challenging COL Lee's exercise of his authority to promote Ms. Griffin to the higher GS-14 level - that a GS-14 should not report to a Lieutenant Colonel, despite the fact that Mr. Veal reported to the same Lieutenant Colonel - was not a wage differential pursuant to a seniority, merit, quantity/quality production, or any other factor other than sex.

15. Ms. Griffin's supervisors persisted and submitted a decision memorandum to Mr. Williamson in June 2001, challenging the pretext offered to justify the discriminatory treatment and recommending that her position be reclassified to the GS-14 level.

16. On October 16, 2001, unknown to Ms. Griffin at the time, Mr. Williamson disapproved the personnel action that would have led to Ms. Griffin's promotion to the GS-14 grade level. The reason he offered for this action was that "grade structure does not meet desired staffing model - branch chiefs at the 13/LTC level or 12/Major level."

17. The reason proffered by Mr. Williamson to disapprove Ms. Griffin's

promotion to GS-14 was not a factor other than sex or other legitimate factor under 29 U.S.C. § 206(d)(1) for the difference in pay and classification between Ms. Griffin and Mr. Veal.

18. On the Defendant's continued failure to put into effect the classification decision of her Director, Ms. Griffin challenged the failure to properly classify her position, complaining about the discrepancy between her treatment and Mr. Veal's. After learning of Ms. Griffin's complaint, Mr. Williamson continued to prevent the proper classification of her position at the GS-14. Defendant's agents also established an additional GS-14 position at Reserve Command Headquarters and selected a less qualified candidate for the position over Ms. Griffin in retaliation for her complaints.

**Count I - Equal Pay Act**

19. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 18.

20. Since 2000, Plaintiff has performed duties substantially similar to those performed by a male, William G. Veal, and which require equal skill, effort and responsibility.

21. Notwithstanding the substantial similarity and equal skill effort and responsibility required of Ms. Griffin, her position has been classified at a grade lower than Mr. Veal's, resulting in her receipt of wages, on a continuing basis, at

rates less than paid Mr. Veal.

22. This difference in wage rates is not explained by nondiscriminatory application of the position classification system or any legitimate factor other than sex.

23. Defendant's agents knew or showed reckless disregard for whether their actions violated the Equal Pay Act in their continuing failure to properly classify Ms. Griffin's position at the GS-14 grade level, warranting liquidated damages under 29 U.S.C. § 260 and, as their violations were willful, back pay for three years' preceding the filing of Plaintiff's Complaint under 29 U.S.C. § 255(a).

WHEREFORE, premises considered, Plaintiff prays for the following relief on her Equal Pay Act claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the fact finder determines that she was denied equal pay for performing equal work because of her gender;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of her judicial complaint;

3. Liquidated damages in an amount equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14,

beginning with the pay period ending immediately after the date three years preceding the filing of her judicial complaint;

4. Interest on the back pay differential;

5. A judgment against Defendant for her reasonable attorneys' fees, costs and disbursements.

**Count II - Retaliation**

24. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 18.

25. Plaintiff Griffin filed a complaint or instituted a proceeding related to Chapter 8 of Title 29 of the United States Code, constituting activity protected from retaliation under 29 U.S.C. § 215(a)(3).

26. Defendant's agents have retaliated against Plaintiff because she engaged in protected opposition by continuing to refuse to classify her position to GS-14.

27. Defendants have also retaliated against Plaintiff by denying her promotion to GS-14 positions created and filled since she engaged in protected participation and opposition to discriminatory practices.

28. As a proximate result of her retaliatory treatment, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

29. As Defendant's agents' knew or showed reckless disregard for whether their actions violated the § 215(a)(3) of the Fair Labor Standards Act, she is entitled to liquidated damages on her retaliation claim.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her retaliation claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the fact finder determines she would have been promoted to that grade but for illegal retaliation;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, from the date the fact finder determines that she would have been promoted to that grade but for illegal retaliation, or, because Defendant's agents conduct was willful, a period beginning three years' preceding the original filing of this action;

3. Interest on the back pay differential, calculated from the date of each pay period at which she was denied her proper pay at the GS-14 grade level;

4. A judgment against Defendants for her reasonable attorneys' fees, costs and disbursements;

5. Compensatory damages under for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, as permitted under 29 U.S.C. § 215(a)(3).

6. Liquidated damages, as permitted under 29 U.S.C. § 206(d)(1), § 215(a)(3), § 216(b) and § 260 of the Fair Labor Standards Act, as Defendant's agents knew or showed reckless disregard for whether their actions violated 29 U.S.C. 215(a)(3)'s prohibition against retaliation.

Plaintiff demands a trial by jury on any claims on which she has a right to jury trial.

Respectfully submitted this 18th day of June 2007.

Robert E. Rigrish
*Court of Federal Claims Bar Admission Pending*
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
One Securities Centre
Suite 1400
3490 Piedmont Road
Atlanta, GA 30305
Ph. (404) 351-1615
Fax (404) 352-1285
rrigrish@brawwlaw.com

Attorney for Plaintiff
Hilda Griffin