IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 07-318C |
| The UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. As we establish below, the Court lacks subject matter jurisdiction over plaintiff's Equal Pay Act claim pursuant to 28 U.S.C. § 1500. In the alternative, we respectfully request that the Court dismiss the complaint because plaintiff's claim is barred by the doctrine of res judicata. In support of this motion, we rely upon the complaint, the following memorandum of law, and the attached appendix.

**ISSUES PRESENTED**

1. Whether this Court, pursuant to 28 U.S.C. § 1500, lacks jurisdiction over plaintiff's Equal Pay Act claim where her Title VII claims based upon the same operative facts and seeking the same relief were filed simultaneously in the United States District Court for the Northern District of Georgia.

2. Whether plaintiff's claims are barred by the doctrine of res judicata.

**STATEMENT OF THE CASE**

**I. Nature Of The Case**

Plaintiff, Hilda M. Griffin, brings this action pursuant to the Equal Pay Act, 29 U.S.C. §

206(d) (the "EPA"), originally filed in the United States District Court for the Northern District of Georgia. Ms. Griffin claimed that she was not selected by the United States Army (the "Army") for a vacant GS-14 position based upon her age, sex, and protected activity. She also alleged that she performed duties of equal or greater skill than her male peers, but was paid a lesser wage. The district court granted the Army summary judgment on all of plaintiff's claims, except her EPA claim. Ms. Griffin's EPA claim was transferred to this Court on May 22, 2007.

## II. Statement Of Facts[1]

Ms. Griffin was a GS-13, Supervisory Management Analyst, with Headquarters U.S. Army Reserve Command at Fort McPherson, Georgia. Tr. Amend. Compl. ¶ 4. She alleges that the Army improperly denied her promotion to the GS-14, Command Integration Branch Chief position in 1999. Id. at ¶¶ 7-8. Ms. Griffin claims that she was the best qualified applicant for the vacant position, but management chose to fill the position with Mr. William Veal. Id. at ¶ 8. Ms. Griffin also alleges that, because her responsibilities increased in 2000, the Army should have increased the classification of her GS-13 position to the GS-14 level. Id. at ¶ 9. She alleges that she performed substantially similar duties as a male employee, Mr. Veal, yet she was paid at a lower wage rate (GS-13) than Mr. Veal (GS-14.). Id.

On February 4, 2005, Ms. Griffin filed a complaint in the United States District Court for the Northern District of Georgia. A1-17. In her initial complaint, Ms. Griffin brought suit against the Secretary of the Army in his official capacity, the Department of the Army, and her immediate supervisor, Mr. Kenneth Williamson, in his official capacity. Id. Her complaint

[1] For the purposes of this motion only, we assume that the facts stated in the complaint are true. Should Ms. Griffin's complaint survive this motion to dismiss, we reserve the right to contest the facts alleged in the complaint.

consisted of four counts of alleged discrimination: (1) unlawful gender discrimination in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d); (3) unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §633a, *et seq.*; and (4) retaliation for engaging in prior protected Equal Employment Opportunity ("EEO") activity. Id. On August 2, 2005, the district court dismissed Mr. Williamson and the Department of the Army from the lawsuit pursuant to a motion to dismiss filed by the defendants, leaving the Secretary of the Army as the only remaining defendant. A78-79.

On November 25, 2005, Ms. Griffin filed an amended complaint in which she re-alleged the four counts of her original complaint filed on February 4, 2005. A18-34. In an order issued on December 14, 2006, the district court granted, in part, and denied, in part, defendant's motion for summary judgement. A35-76. The Court granted summary judgment in favor of the Government on Ms. Griffin's Title VII and ADEA claims, denied summary judgment on her EPA claim, and ordered her to show cause within ten days why the EPA claim should not be transferred to the United States Court of Federal Claims. Id. When Ms. Griffin failed to show cause, the district court entered an order transferring Ms. Griffin's EPA claim to this Court. A77.

On May 22, 2007, this Court received the transfer order from the Northern District of Georgia. Ms. Griffin's Transfer Amended Complaint was filed on June 19, 2007 ("Tr. Amend. Compl.").

## SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. § 1500, this Court lacks jurisdiction over this action. Ms. Griffin filed her Equal Pay Act claim at the same time as her Title VII claims in district court. Although her district court claims are no longer pending, 28 U.S.C. § 1500 analysis applies at the time of filing, and at the time of filing, the Title VII claims were pending in district court. Because her complaint in district court and her complaint in this Court arise from the same operative facts and seek the same relief, the district court claims, filed simultaneously with Ms. Griffin's Equal Pay Act claim, divest this Court of jurisdiction.

Moreover, Ms. Griffin's claims in this Court are barred by the doctrine of res judicata. Ms. Griffin's Title VII claims in district court involved the same parties and the same transactional facts as the present case. Because there was a final judgment on the merits in the district court, she may not assert her EPA claim in this Court.

## ARGUMENT

### I. Legal Standard Pursuant to RCFC 12(b)(1)

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion. Id. If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Harbuck v. United States, 58 Fed. Cl.

266, 267 (2003) (citing Rocovich v. United States, 933 F.2d 911, 994 (Fed. Cir. 1991); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994)), aff'd 378 F.3d 1324 (Fed. Cir. 2004).

## II. Pursuant to 28 U.S.C. § 1500, Ms. Griffin's Title VII Claims Filed Simultaneously In The United States District Court For The Northern District Of Georgia, Divest This Court Of Jurisdiction

Ms. Griffin filed her Equal Pay Act claim and Title VII claims simultaneously in the United States District Court for the Northern District of Georgia in February 2005. A1.[2] Although her district court Title VII claims are no longer pending, this Court lacks subject matter jurisdiction to consider the remaining EPA claim pursuant to 28 U.S.C. § 1500 because the claims were filed simultaneously.

This Court possessed jurisdiction to entertain suits founded upon the Equal Pay Act, 29 U.S.C. § 206, pursuant to the Tucker Act, 28 U.S.C. § 1491. Harbuck, 58 Fed. Cl. at 267. The subject matter jurisdiction of this Court, however, is narrowed by 28 U.S.C. § 1500, which creates an exception to the general Tucker Act jurisdiction. Id. at 268. Section 1500 of Title 28 of the United States Code provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500; see also Keene Corp. v. United States, 508 U.S. 200 (1993); Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). The policies underlying § 1500 are "to force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court," and to "protect the United States from having to defend two lawsuits over the same matter simultaneously." Spodek v. United States, 170 F.3d 1084, 1090-91 (Fed. Cir. 1999) (citations

[2] "A__" refers to the appendix to this motion.

omitted). See also Bailey v. United States, 46 Fed. Cl. 187, 193 (2000) ("[T]he purpose of section 1500 is to prohibit the filing and prosecution of the same claims against the United States at the same time.").

**A. Pursuant To 28 U.S.C. § 1631, Ms. Griffin's Title VII Claims Filed In The District Court Were Pending When Ms. Griffin's Equal Pay Act Claim Was Filed With This Court**

Section 1631 of Title 28 of the United States Code provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it was transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631 (quoted in United States v. County of Cook, 170 F.3d 1084, 1087 (Fed. Cir. 1999)) (emphasis added). Section 1631 was "designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction." County of Cook, 170 F.3d at 1089.

In County of Cook, the Court of Appeals for the Federal Circuit considered how claims filed simultaneously in district court, where one claim is later transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, affect the Court of Federal Claims' jurisdiction pursuant to 28 U.S.C. § 1500. The court determined that § 1500 analysis "'depends upon the state of things at the time of the action brought.'" Id. at 1090 (quoting Keene Corp. v. United States, 508 U.S. 200, 207 (1993)). The court held "that the 'filing' of the same claim simultaneously in district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." Id. at 1091. See also Loveladies Harbor, 27 F.3d at 1548 ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the

time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action.").

The facts of Ms. Griffin's case are remarkably similar to those in Harbuck v. United States, 58 Fed. Cl. 266 (2003). In that case, on February 27, 2001, the plaintiff filed a complaint against the Government in district court alleging an Equal Pay Act violation as well as Title VII claims. Id. at 267. Plaintiff moved to transfer the Equal Pay Act claim to the Court of Federal Claims and that motion was granted. Id. Plaintiff filed an amended complaint in this Court on December 18, 2002, alleging the Equal Pay Act violation. Id. Plaintiff's Title VII claims remained with the district court, and on June 19, 2003, the district court granted defendant's motion for summary judgment. Id. The Government moved to dismiss plaintiff's Equal Pay Act claim in this Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500. Id. This Court granted the Government's motion to dismiss, finding that although final judgment had been rendered upon the claims in district court, the relevant date for § 1500 purposes "is not today but plaintiff's date of filing." Id. at 268 (citing UNR Industries, Inc. v. United States, 962 F.2d 1013, 1021 (Fed. Cir. 1992) (en banc)). This Court cited County of Cook for the proposition that the filing of plaintiff's Title VII claims and Equal Pay Act claim at the same time by operation of 28 U.S.C. § 1631, deprived the Court of Federal Claims of jurisdiction pursuant to 28 U.S.C. § 1500. Id. at 269 (citing County of Cook, 170 F.3d at 1091). This Court also noted that "[w]here claims are filed simultaneously . . . '§ 1500 requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" Id. at 268 (quoting Keene Corp., 508 U.S. at 210).

Likewise, Ms. Griffin's Equal Pay Act claim before this Court, which was transferred pursuant to 28 U.S.C. § 1631, is deemed filed at the same time as her Title VII claims in district

court, i.e. February 4, 2005. Even though her Title VII claims are no longer pending before the district court, the timing for § 1500 analysis is the time of filing. See Keene Corp., 508 U.S. at 207. Her Title VII claims, filed simultaneously in district court with her Equal Pay Act claim, were "pending" within the meaning of 28 U.S.C. § 1500 when this case was filed. See County of Cook, 170 F.3d at 1091.

However, for § 1500 to bar Ms. Griffin's Equal Pay Act claim before this Court, it is not sufficient merely to show that her Title VII claims were "pending" when her Equal Pay Act claim was filed. We also must demonstrate, as we do below, that the claims "arise from the same operative facts," and "seek the same relief." Loveladies Habor, 27 F.3d at 1551 (emphasis in original).

**B. Ms. Griffin's Equal Pay Act Claim Arises From The Same Operative Facts As Those In Her Claims Before The District Court**

"'Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court.'" Loveladies Harbor, 27 F.3d at 1550 (quoting Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988)). The court of appeals has noted that the reason for this rule is that "'section 1500 was enacted for the benefit of the government and was intended to force an election where both forums could grant the same relief, arising from the same operative facts.'" Id. (quoting Johns-Manville, 855 F.2d at 1564). "[I]t is 'operative facts' and not legal theories by which claims may be distinguished under § 1500 when the same relief– money damages– is sought." Harbuck, 378 F.3d at 1329 (citing Loveladies Harbor, 27 F.3d at 1549). Accordingly, for the Court of Federal Claims to be precluded from hearing a claim because the same claim is pending in another court, the claim pending in another court must arise from the same operative

facts, and must seek the same relief. Id. at 1328 (citing Loveladies Harbor, 27 F.3d at 1551).

A comparison of Ms. Griffin's complaint filed in district court and her complaint filed in this Court reveals that the claims arise from the same operative facts. The factual allegations of both complaints are virtually identical. Compare Tr. Amend. Compl. ¶¶ 4-29(1-5) with A3-7, 11-13, 15-17. Both complaints are based upon facts taking place during the same time period, from 1998 until the present. Compare Tr. Amend. Compl. ¶¶ 6, 23 with A4, 9. Both complaints are founded upon an allged "continuing failure to classify Ms. Griffin's position at the GS-14 grade level." Compare Tr. Amend. Compl. ¶ 23 with A9. Both complaints allege that Mr. Veal was paid at the GS-14 pay grade level. Compare Tr. Amend. Compl. ¶ 8 with A2. Both complaints allege that Ms. Griffin was paid at the GS-13 pay grade level, notwithstanding the fact that she had "greater functional and supervisory responsibilities than were assigned to the branch supervised by Mr. Veal ... ." Compare Tr. Amend. Compl. ¶ 9 with A5. Both complaints allege that Ms. Griffin was passed over for promotions in favor of less qualified candidates. Compare Tr. Amend. Compl. ¶ 18 with A9.

Clearly, the complaints are based upon the same operative facts. To the extent that the Equal Pay Act claim and Title VII claims are based upon different legal theories, such a difference does not alter the conclusion that the operative facts are identical. See Loveladies Harbor, 27 F.3d at 1549; see also Keene Corp., 50 U.S. at 212. As we will demonstrate below, Ms. Griffin also seeks the same relief in both complaints.

### C. Ms. Griffin's Equal Pay Act Claim Seeks The Same Relief As That Requested In Her Claims Before The District Court

If a claim brought by a party before this Court is based upon substantially the same operative facts as a claim filed in another court, and there is "some overlap in the relief

requested," this Court lacks jurisdiction to entertain the claims. 28 U.S.C. § 1500; Keene Corp., 508 U.S. at 212; accord Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). "The inclusion of other and different requested relief in the two complaints does not avoid the application of [§ 1500]." Harbuck, 378 F.3d at 1329 (citing Keene Corp., 508 U.S. at 212). "As long as the same relief is sought in both cases–here money damages–the second prong of the § 1500 requirement that the 'same relief' be involved in both cases is satisfied." Id. (citations omitted).

A review of Ms. Griffin's complaints filed in the district court and this Court makes clear that she is requesting money damages in both cases. Compare Tr. Amend. Compl. ¶ 23, 29 with A10-17. In fact, the relief that she requests in both complaints is almost identical. In each complaint, she requests "Equitable relief in the form of a retroactive promotion to the grade of GS14 ... ;" compare Tr. Amend. Compl. ¶ 23-1 with A10, "Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, ... ;" compare Tr. Amend. Compl. ¶ 23-2 with A10, "Interest on the back pay differential;" compare Tr. Amend. Compl. ¶ 23-4 with A10, "A judgment against [defendant] for her reasonable attorneys' fees, costs and disbursements;" compare Tr. Amend. Compl. ¶ 23-5 with A10-11, and "Compensatory damages ... for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses ... ." Compare Tr. Amend. Compl. ¶ 29-5 with A11. Clearly, there is substantial overlap in Ms. Griffin's prayers for monetary relief.

That the district court complaint alleges violations under Title VII, while the Court of Federal Claims complaint alleges a violation of the Equal Pay Act, is immaterial, as Ms. Griffin seeks the same type of relief in both complaints. "The Federal Circuit has made it clear that a party cannot separate the same operative facts into two different theories which seek the same

relief . . . even if it is uncertain which legal theory fits." Vazibud v. United States, 46 Fed. Cl. 309, 311 (2000). It is well-settled that the purpose of 28 U.S.C. § 1500 is to prevent the United States from having to litigate and defend against the same claim in two courts. Harbuck, 378 F.3d at 1328 (citing UNR Industries, 962 F.2d at 1018). Because Ms. Griffin seeks money damages and a retroactive pay grade increase in both courts, and because her claims in both courts arise from the same facts and were filed simultaneously, 28 U.S.C. § 1500 divests this Court of jurisdiction. By bringing her claim in this Court, Ms. Griffin hopes to pursue, in two courts, different legal theories based upon the same operative facts and seeking essentially the same remedy. Section 1500 prohibits jurisdiction in such a case.

## III. Ms. Griffin's Claims Are Barred By The Doctrine Of Res Judicata

In the event this Court finds that 28 U.S.C. § 1500 does not divest it of jurisdiction, in the alternative, Ms. Griffin's complaint before this Court is barred by the doctrine of res judicata.

"'[U]nder the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based upon the same cause of action.'" Beverly v. United States, 24 Cl. Ct. 197, 200 (1991) (quoting Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 326 (1955)). Also known as claim preclusion, res judicata ensures finality within the judicial system. It is a doctrine that precludes parties from contesting matters that they have had a full and fair opportunity to litigate, "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (citing Montana v. United States, 440 U.S. 147, 153-54 (1979)).

To establish the applicability of res judicata, the Federal Circuit requires that the "party asserting the bar prove that (1) the parties are identical or in privity; (2) the first suit proceeded

to an underlying judgment on the merits; and (3) the [claim at issue] is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). The Ammex test is satisfied here.

First, in the district court action, the Secretary of the Army, Francis J. Harvey, was named as the defendant. A1. He was sued in his official capacity. Id. In Ms. Griffin's complaint before this Court, the United States was named as defendant. In the context of res judicata, the United States is in privity with its authorized officials. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) (holding that res judicata applies between representatives of the same government who possess "authority to represent its interests in a final adjudication"). The first prong of the Ammex test, therefore, is satisfied.

Ms. Griffin's Title VII action in the Northern District of Georgia also satisfies the second Ammex requirement that there must be an underlying judgment on the merits. The district court possessed jurisdiction to entertain Ms. Griffin's Title VII claims, and rendered a judgment upon the merits by granting the Government's motion for summary judgment. A35.

Third, in defining whether claims arose from the same transaction, the Federal Circuit has explained that courts have defined "transaction" in terms such as "'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'" Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1363 (Fed. Cir. 2000) (quoting Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226 (7th Cir. 1993)). As we demonstrate above, Ms. Griffin's complaints before this Court and the district court arise from the same operative facts. Accordingly, all three prongs of the Ammex test are satisfied.

Ms. Griffin may argue in response that her claims before this Court and the district court

are based upon different legal theories, and that res judicata should not apply to her complaint before this Court because the district court did not possess jurisdiction to entertain her Equal Pay Act claim. However, "the assertion of different legal theories in a second suit will not defeat application of res judicata." Ness Investment Corp. v. United States, 219 Ct. Cl. 440, 595 F.2d 585, 586 n.6 (1979) (citing McCarthy v. Noren, 370 F.2d 845, 847 (9th Cir. 1966), cert. denied, 387 U.S. 917 (1967)); see also Beverly, 24 Cl. Ct. at 200-01. Furthermore, "the mere fact that Congress decided to lodge jurisdiction over such claims in different courts does not necessarily mean that they are separate claims to the extent of overcoming an allegation of res judicata." Beverly, 24 Cl. Ct. at 201 (finding that plaintiffs' taking claim was barred by res judicata because plaintiffs had already litigated a trespass claim under the Federal Tort Claims Act in district court).

Although Ms. Griffin may disagree with the district court's resolution with respect to her Title VII claims, she is not entitled to a "second bite at the apple" in this Court. Her complaint alleging violations of the Equal Pay Act is barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[3]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BRIAN BENTLY
U.S. Army Legal Services Agency
Litigation Division - Civilian Personnel Branch
901 North Stuart Street
Arlington, VA 22203

August 20, 2007

[3] In the event the Court denies our motion to dismiss the complaint, we respectfully request 45 days to file a response.

CERTIFICATE OF FILING

I hereby certify that on this 20th day of August, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler

INDEX TO APPENDIX

| Description | Page |
| --- | --- |
| Complaint filed on February 4, 2005, in United States District Court for the Northern District of Georgia | 1 |
| Amended complaint filed on November 25, 2005, in United States District Court for the Northern District of Georgia | 18 |
| Order of the United States District Court for the Northern District of Georgia Granting in Part, and Denying in Part, the Motion for Summary Judgment filed by the United States | 35 |
| Order dated January 5, 2007, from the United States District Court for the Northern District of Georgia Transferring Action to the United States Court of Federal Claims | 77 |
| Order filed August 2, 2005, from the United States District Court for the Northern District of Georgia | 78 |