ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Deputy Clerk

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No |
| | ) | |
| FRANCIS J. HARVEY, In his official capacity as Secretary of the Army; DEPARTMENT OF THE ARMY; KENNETH N. WILLIAMSON, In his official capacity as Chief Executive Officer, U.S. Army Reserve Command. | ) | 1 0 0355 |
| | ) | BBM |
| Defendants. | ) | |

**Complaint**

Comes now the Plaintiff, Hilda M. Griffin, and asserts the following causes of action against the Defendants described in the caption

**Parties**

1. Plaintiff Hilda M. Griffin was at all relevant times a female domiciled in Douglas County, Georgia, over forty years of age, and an employee of the Headquarters, United States Army Reserve Command at Fort McPherson, Georgia. She is an individual employee protected from unlawful gender discrimination,

unlawful age discrimination, retaliation for protected activities, and unequal pay because of her gender by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S C. 2000e-16, the Age Discrimination in Employment Act, 29 U.S C. 633a, and the Equal Pay Act, 29 U S.C. 206(d)

2 Defendant Francis J. Harvey, named in his official capacity as Secretary of the Army, is the head of the agency employing Plaintiff and by virtue of that status the proper party defendant on one or more of Plaintiff's causes of action

3. Defendant Department of the Army is the government agency employing Plaintiff and a proper party defendant on one or more of Plaintiff's causes of action.

4. Defendant Kenneth N Williamson holds the position of Command Executive Officer at U.S Army Reserve Command. In this capacity, he is the highest-ranking civilian employee in the Reserve Command and reports directly to the General Officers who lead and command the U S. Army Reserve Command Mr. Williamson is the public official responsible for the discriminatory and retaliatory employment actions resulting in Plaintiff Griffin being denied equal pay and, in his official capacity, is a proper party defendant on Plaintiff's Equal Pay Act claims.

## Jurisdiction and Venue

5. The Complaint asserts claims under 29 U.S.C 206(d), 29 U.S C. 633a, and 42 U.S.C. 2000e-16. This Court has jurisdiction over these federal claims under 28 U.S.C. 1331.

6. Plaintiff is employed by Defendant Department of the Army at Fort McPherson, Georgia, a place within the Northern District of Georgia, and the events giving rise to this action occurred within the Northern District. It is the proper venue under 28 U.S.C. 1391 and 42 U.S.C 2000e-5(f)(3).

7. Plaintiff has timely exhausted administrative remedies. More than 180 days have passed since Plaintiff filed her individual administrative complaint, she has not submitted an administrative appeal to the Equal Employment Opportunity Commission, and no final action has been taken by the Department of the Army on her administrative complaint. See 29 C.F.R 1614.407(b); 42 U.S C. 2000e-16(c); 29 U.S.C. 633c.

## Factual Allegations

8. Plaintiff Hilda M. Griffin has been a civilian employee of the Department of the Army since July 1977 and has thirty-seven years of total Civil Service. In 1991, she was employed by the Headquarters U.S. Army Reserve Command as a Supervisory Management Analyst, GS-343-13. This position was classified under

federal position classification standards as a GS-343-13 Supervisory Management Analyst. By 2000, she had been assigned to the position of Chief of the Full Time Integration Branch of the Force Programs Integration Division at Headquarters, U.S. Army Reserve Command, Fort McPherson, Georgia. A personnel action to reclassify her position to reflect its additional responsibilities and higher grade under the position classification standards was initiated by her supervisors. As described below, this action was never completed because of Defendant Williamson's intervention.

9 As Chief of the Full Time Integration Branch, Plaintiff Griffin was supervised by an active duty Army officer, the Force Programs Integration Division Chief, whose rank and pay grade was Lieutenant Colonel. This Division Chief, in turn, was supervised by the Director of Force Programs, a position held by an active duty Army officer holding the rank and grade of Colonel.

10. In 1998, the authority to classify positions like that held by Plaintiff at Reserve Command had been delegated to the Director and his Deputy of Force Programs. This classification authority remained with the Director through subsequent years.

11. In 1999, a reorganization of the Force Program Directorate led to the creation of a "Command Integration Branch." The position created to manage this

branch was classified as a GS-343-14 position, one pay grade higher than the position held by Plaintiff Griffin.

12. Plaintiff Griffin applied for promotion to the GS-343-14 Command Integration Branch Chief position Because Ms Griffin, among others, held a position classified in the same series at the next lower grade in the same organization, Reserve Command was obliged to consider her and other candidates for the position rather than simply promote the male supervisor in the preexisting branch. Review of Ms. Griffin's qualifications established that she was highly qualified for the position, but she was passed over and a younger, male applicant, William G. Veal, was selected for the position. Defendant Williamson participated in the selection process and recommended that Mr. Veal, and not plaintiff, be selected for this position

13. In 2000, deficiencies in the performance of another functional team in the Division led to a reorganization that put its personnel and function under Plaintiff's supervision. This reorganization gave Ms. Griffin greater functional and supervisory responsibilities than were assigned to the branch supervised by Mr. Veal, whose position had been classified at the higher [14] grade level.

14. As a result of Ms. Griffin's increased responsibilities, her Division Chief and Director, LTC Bergeson and COL Lee, initiated action to reclassify her

position to the higher grade [14] and promote her into the position on this accretion of duties.

15. Under the 1998 classification authority, COL Lee had the authority to classify Ms Griffin's Branch Chief position.

16. In January 2001 a request for personnel action package was prepared to promote Ms. Griffin to the higher GS-14 grade level.

17. In late winter or early spring, 2001, COL Lee and his deputy, Paul Vilcoq, met with Defendant Williamson, the Command Executive Officer, who challenged the personnel action package supporting Ms. Griffin's promotion.

18 The reason proffered by Mr. Williamson for challenging COL Lee's exercise of his authority to promote Ms. Griffin to the higher GS-14 level - that a GS-14 should not report to a Lieutenant Colonel - was a pretext to discriminate against Ms. Griffin because of her age and gender. Mr. Veal, a younger male, and whose position was classified at the GS-14 level, reported to the same Lieutenant Colonel.

19. Ms. Griffin's supervisors persisted and submitted a decision memorandum to Mr. Williamson in June 2001, challenging the pretext offered to justify the discriminatory treatment and recommending that her position be reclassified to the GS-14 level.

20. On October 16, 2001, Mr. Williamson disapproved the personnel action that would have led to Ms. Griffin's promotion to the GS-14 grade level. The reason he offered for this action was that "grade structure does not meet desired staffing model - branch chiefs at the 13/LTC level or 12/Major level."

21. The reason proffered by Mr. Williamson to disapprove Ms. Griffin's promotion to GS-14 was a pretext for unlawful age or gender discrimination. Mr. Veal, Ms. Griffin's younger male Branch Chief counterpart, held a position classified and paid at the higher GS-14 grade level, reporting to the same Division Chief [a Lieutenant Colonel], and Mr. Williamson knew it.

22. Mr. Williamson's discriminatory disapproval of the reclassification of Ms. Griffin's position to the GS-14 level was but one step in a continuing violation of her right to equal pay and nondiscriminatory treatment. Furthermore, Mr. Williamson's action was concealed from Plaintiff

23. Ms. Griffin sought information on the status of the personnel action reclassifying her position to the GS-14 level. When no answer was forthcoming, she filed a complaint with the Reserve Command's Inspector General. Finally, in December 2002, Griffin was informed that an advisory classification review had been performed by an entity under Mr. Williamson's supervision, and that no action would be taken to properly classify her position

24. In January 2003 Plaintiff sought equal employment opportunity counseling, initiating the federal employee administrative process for resolution of discrimination complaints.

25 Plaintiff Griffin's EEO counseling and subsequent, timely formal complaint asserted the age and gender discrimination claims arising from the failure to properly classify her position.

26. On February 11, 2004, Plaintiff Griffin timely requested a final decision by the Department of Army on her administrative complaint. No decision has been issued.

27. After learning of Ms. Griffin's opposition to the failure to properly classify her position as discriminatory, Mr Williamson established an additional GS-14 position at Reserve Command Headquarters and selected a less qualified male, John Taylor, for the position over Ms. Griffin.

28. Mr. Williamson's opposition to the proper classification of Ms. Griffin's position and selection of Mr. Taylor over her are but two examples of gender playing an improper role in his employment decisions involving higher-level positions. Most recently, he was instrumental in a selective reduction in force that resulted in the demotion of a GS-14 female in circumstances calculated to facilitate the placement of a male in a comparable position

29. Since selecting the less-qualified Mr. Veal for the new GS-14 position in 1999; refusing to properly classify Ms. Griffin's position at the GS-14 level, selecting the less qualified Mr. Taylor for the newly-created position, and demoting a GS-14 female to facilitate placement of a male in a comparable position, Mr. Williamson and the other Defendants passed over Ms. Griffin and other better-qualified, older candidates to select a younger, less qualified candidate, who had not engaged in protected Title VII participation or opposed discriminatory pay and employment practices, for another GS-14 position.

**<u>Count I - Gender Discrimination</u>**

30. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 29.

31. It is an unlawful employment practice for Defendant Secretary of the Army and the Department of the Army, through their agents, to discriminate against Plaintiff Griffin, a female, in the terms and conditions of her employment based on her gender.

32. In its continuing failure to properly classify Ms. Griffin's position at the GS-14 level, Defendants the Secretary and Department of the Army have discriminated against Plaintiff because of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended.

33 As a proximate result of her discriminatory treatment, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

34. Defendant's discriminatory treatment of Plaintiff was done with such malice or reckless indifference to its obligations, and Plaintiff's rights, under Title VII as to warrant an award of punitive damages

WHEREFORE, premises considered, Plaintiff prays for the following relief on her Title VII gender discrimination claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she would have been promoted to that grade absent illegal gender discrimination;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, from the date the jury finds that she would have been promoted to that grade absent illegal gender discrimination;

3. Interest on the back pay differential, calculated from the date of each pay period at which she was denied her proper pay at the GS-14 grade level and step;

4. A judgment against Defendant Secretary of the Army for her

reasonable attorneys' fees, costs and disbursements;

5. Compensatory damages under 42 U S.C. 1981a for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

6. If permitted by law, punitive damages in an amount to be determined by the jury.

**Count II - Equal Pay Act**

35. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 29

36. Since 2000, Plaintiff has performed duties substantially similar to those performed by a male, William G. Veal, and which require equal skill, effort and responsibility.

37. Notwithstanding the substantial similarity and equal skill effort and responsibility required of Ms. Griffin, her position has been classified at a grade lower than Mr. Veal's, resulting in her receipt of wages, on a continuing basis, at rates less than paid Mr. Veal.

38 This difference in wage rates is not explained by nondiscriminatory application of the position classification system or any legitimate factor other than sex.

39 The continuing failure to properly classify Ms. Griffin's position at the GS-14 grade level has been in bad faith and with such reckless disregard for whether Defendants' conduct was prohibited by the Equal Pay Act, 29 U S.C. 206(d)(1), as to warrant liquidated damages and back pay for three years' preceding the filing of this action.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her Equal Pay Act claim:

1 Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she was denied equal pay for performing equal work because of her gender,

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14 and appropriate step, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

3. Liquidated damages in an amount equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14 and appropriate step, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

4 Interest on the back pay differential,

5. A judgment against Defendants for her reasonable attorneys' fees, costs and disbursements.

**Count III - Age Discrimination**

40. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 29

41. It is an unlawful employment practice for Defendants to discriminate against an individual with respect to the terms and conditions of employment based on that individual's age, if forty years of age or older.

42. For pretextual reasons, Plaintiff, who is over forty years of age, has been denied the reclassification of her position to the GS-14 grade level warranted and justified by her duties and responsibilities. In contrast, knowing of the difference in treatment, Defendants reclassified the position held by Mr. Veal, who is younger than Plaintiff, and has continued the misclassification of Plaintiff's position.

43. The continued refusal to reclassify Plaintiff's position to the GS-14 grade level constitutes intentional age discrimination against Plaintiff.

44. Defendants' failure to select Plaintiff for promotion to GS-14 positions filled by younger, less qualified candidates since 2002 constitutes intentional age discrimination against Plaintiff

45. The continuing failure to properly classify Ms. Griffin's position at the GS-14 grade level, or to promote her to GS-14 positions as vacancies have occurred, has been in bad faith and with such reckless disregard for whether Defendants' conduct was prohibited by the Age Discrimination in Employment Act, 29 U S.C. 633a, as to warrant liquidated damages and back pay for the three years preceding the filing of this action.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her Age Discrimination claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she was denied reclassification of her position to GS-14 work because of her age;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

3 Liquidated damages in an amount equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

4 Interest on the back pay differential;

5. A judgment against Defendants for her reasonable attorneys' fees, costs and disbursements

**Count IV - Retaliation**

46. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 29

47. Plaintiff Griffin has participated in activities protected from retaliation by Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act, and the Equal Pay Act and engaged in similarly protected opposition to practices she reasonably and in good faith believed to be discriminatory.

48. Defendants have retaliated against Plaintiff because she engaged in protected participation and opposition by continuing to refuse to classify her position to GS-14.

49. Defendants have also retaliated against Plaintiff by denying her promotion to GS-14 positions created and filled since she engaged in protected participation and opposition to discriminatory practices, including the position Mr. Williamson created and selected Mr. Taylor to fill

50. As a proximate result of her retaliatory treatment, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, and other

nonpecuniary losses.

51. Defendant's retaliatory treatment of Plaintiff was done with such malice or reckless indifference to its obligations, and Plaintiff's rights, under Title VII, the Age Discrimination in Employment Act, and the Equal Pay Act as to warrant award of punitive damages, if available as a matter of law, and liquidated damages.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her retaliation claim.

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she would have been promoted to that grade but for illegal retaliation;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, from the date the jury finds that she would have been promoted to that grade but for illegal retaliation;

3. Interest on the back pay differential, calculated from the date of each pay period at which she was denied her proper pay at the GS-14 grade level;

4. A judgment against Defendants for her reasonable attorneys' fees, costs and disbursements;

5. Compensatory damages under 42 U S.C. 1981a for Plaintiff's emotional

pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses

6. Punitive damages, if allowed by law;

7 Liquidated damages, as permitted under the Equal Pay Act and Age Discrimination ın Employment Act.

Plaintiff demands a jury trial on all issues trıable by jury under the law.

Respectfully submitted this 4th day of February 2005

Robert E. Rigrısh
Georgia Bar No. 605573
Bodker, Ramsey, Andrews, Winograd &
Wildstein, P.C.
One Securities Centre
Suite 1400
3490 Piedmont Road
Atlanta, GA 30305
Ph. (404) 351-1615
Fax (404) 352-1285
rrigrısh@brawwlaw.com

Attorneys for Plaintiff
Hilda Griffin

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. **1:05cv355-BBM-JMF** |
| | ) | |
| FRANCIS J. HARVEY, | ) | |
| In his official capacity as | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

**Amended Complaint**

Comes now the Plaintiff, Hilda M. Griffin, and asserts the following causes of action against the Defendants described in the caption:

**Parties**

1. Plaintiff Hilda M. Griffin was at all relevant times a female domiciled in Douglas County, Georgia, over forty years of age, and an employee of the Headquarters, United States Army Reserve Command at Fort McPherson, Georgia. She is an individual employee protected from unlawful gender discrimination, unlawful age discrimination, retaliation for protected activities, and unequal pay because of her gender by Title VII of the 1964 Civil Rights Act, as amended, 42

U.S.C. § 2000e-16, the Age Discrimination in Employment Act, 29 U.S.C. § 633a, and the Equal Pay Act, 29 U.S.C. § 206(d).

2. Defendant Francis J. Harvey, named in his official capacity as Secretary of the Army, is the head of the agency employing Plaintiff and by virtue of that status the proper party defendant on Plaintiff's causes of action.

**Jurisdiction and Venue**

3. The Complaint asserts claims under 29 U.S.C. § 206(d), 29 U.S.C. § 633a, and 42 U.S.C. § 2000e-16. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331.

4. Plaintiff is employed by Defendant Department of the Army at Fort McPherson, Georgia, a place within the Northern District of Georgia, and the events giving rise to this action occurred within the Northern District. It is the proper venue under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff has timely exhausted administrative remedies. More than 180 days have passed since Plaintiff filed her individual administrative complaint, she has not submitted an administrative appeal to the Equal Employment Opportunity Commission, and no final action has been taken by the Department of the Army on her administrative complaint(s). See 29 C.F.R. § 1614.407(b); 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 633c.

## Factual Allegations

6. Plaintiff Hilda M. Griffin is a long-term civilian employee of the Department of the Army. By 1999, she had been promoted to the position of Chief of the Full Time Integration Branch of the Force Programs Integration Division at Headquarters, U.S. Army Reserve Command, Fort McPherson, Georgia. This position was assigned the classification under federal position classification standards as a GS-343-13 Supervisory Management Analyst.

7. As Chief of the Full Time Integration Branch, Plaintiff Griffin was supervised by an active duty Army officer, the Force Programs Integration Division Chief, whose rank and pay grade was Lieutenant Colonel. This Division Chief, in turn, was supervised by the Director of Force Programs, a position held by an active duty Army officer holding the rank and grade of Colonel.

8. In 1998, the authority to classify positions like that held by Plaintiff at Reserve Command had been delegated to the Director of Force Programs. This classification authority remained with the Director through subsequent years.

9. In 1999, a reorganization of the Force Program Directorate led to the creation of a "Command Integration Branch." The position created to manage this branch was classified as a GS-343-14 position, one pay grade higher than the position held by Plaintiff Griffin.

10. Plaintiff Griffin applied for promotion to the GS-343-14 Command Integration Branch Chief position. Because Ms. Griffin, among others, held a position classified in the same series at the next lower grade in the same organization, Reserve Command was obliged to consider her and other candidates for the position rather than simply promote the male supervisor in the preexisting branch. Review of Ms. Griffin's qualifications established that she was highly qualified for the position, but she was passed over and a younger, male applicant, William G. Veal, was selected for the position. Army Reserve Command Executive Officer Kenneth Williamson participated in the selection process and recommended that Mr. Veal, and not plaintiff, be selected for this position.

11. In 2000, deficiencies in the performance of another functional team in the Division led to a reorganization that put its personnel and function under Plaintiff's supervision. This reorganization gave Ms. Griffin greater functional and supervisory responsibilities than were assigned to the branch supervised by Mr. Veal, whose position had been classified at the higher [14] grade level.

12. As a result of Ms. Griffin's increased responsibilities, her Division Chief and Director, LTC Bergeson and COL Lee, initiated action to reclassify her position to the higher grade [14] and promote her into the position on this accretion of duties.

13. Under the 1998 classification authority, COL Lee had the authority to classify Ms. Griffin's Branch Chief position.

14. In January 2001 a request for personnel action package was prepared to promote Ms. Griffin to the higher GS-14 grade level.

15. In late winter or early spring, 2001, COL Lee and his deputy, Paul Vilcoq, met with Defendant Williamson, the Command Executive Officer, who challenged the personnel action package supporting Ms. Griffin's promotion.

16. The reason proffered by Mr. Williamson for challenging COL Lee's exercise of his authority to promote Ms. Griffin to the higher GS-14 level - that a GS-14 should not report to a Lieutenant Colonel - was a pretext to discriminate against Ms. Griffin because of her age and gender. Mr. Veal, a younger male, and whose position was classified at the GS-14 level, reported to the same Lieutenant Colonel.

17. Ms. Griffin's supervisors persisted and submitted a decision memorandum to Mr. Williamson in June 2001, challenging the pretext offered to justify the discriminatory treatment and recommending that her position be reclassified to the GS-14 level.

18. On October 16, 2001, Mr. Williamson disapproved the personnel action that would have led to Ms. Griffin's promotion to the GS-14 grade level.

The reason he offered for this action was that "grade structure does not meet desired staffing model - branch chiefs at the 13/LTC level or 12/Major level."

19. The reason proffered by Mr. Williamson to disapprove Ms. Griffin's promotion to GS-14 was a pretext for unlawful age or gender discrimination. Mr. Veal, Ms. Griffin's younger male Branch Chief counterpart, held a position classified and paid at the higher GS-14 grade level, reporting to the same Division Chief [a Lieutenant Colonel], and Mr. Williamson knew it.

20. Mr. Williamson's discriminatory disapproval of the reclassification of Ms. Griffin's position to the GS-14 level was but one step in a continuing violation of her right to equal pay and nondiscriminatory treatment. Furthermore, Mr. Williamson's action was concealed from Plaintiff.

21. Ms. Griffin sought information on the status of the personnel action reclassifying her position to the GS-14 level. When no answer was forthcoming, she filed a complaint with the Reserve Command's Inspector General. Finally, in December 2002, Griffin was informed that an advisory classification review had been performed by an entity under Mr. Williamson's supervision, and that no action would be taken to properly classify her position.

22. In January 2003 Plaintiff sought equal employment opportunity counseling, initiating the federal employee administrative process for resolution of

discrimination complaints.

23. Plaintiff Griffin's EEO counseling and subsequent, timely formal complaint asserted the age and gender discrimination claims arising from the failure to properly classify her position.

24. On February 11, 2004, Plaintiff Griffin timely requested a final decision by the Department of Army on her administrative complaint. No decision has been issued.

25. After learning of Ms. Griffin's opposition to the failure to properly classify her position as discriminatory, Mr. Williamson established an additional GS-14 position at Reserve Command Headquarters and selected a less qualified male, John Taylor, for the position over Ms. Griffin.

26. Mr. Williamson's opposition to the proper classification of Ms. Griffin's position and selection of Mr. Taylor over her are but two examples of gender playing an improper role in his employment decisions involving higher-level positions. Mr. Williamson was instrumental in a selective reduction in force that resulted in the demotion of a GS-14 female in circumstances calculated to facilitate the placement of a male in a comparable position.

27. Since selecting the less-qualified Mr. Veal for the new GS-14 position in 1999; refusing to properly classify Ms. Griffin's position at the GS-14 level;

selecting the less qualified Mr. Taylor for the newly-created position; and demoting a GS-14 female to facilitate placement of a male in a comparable position, Defendant, through Mr. Williamson and perhaps other agents, passed over Ms. Griffin and other better-qualified, older candidates to select a younger, less qualified candidate, who had not engaged in protected Title VII participation or opposed discriminatory pay and employment practices, for another newly created GS-14 position.

28. In October, 2004, Linda Bruneau, a candidate who was younger and less qualified than Ms. Griffin, and who had not previously engaged in activities protected by Title VII and the ADEA, was selected over Ms. Griffin for a newly created GS-301-14 "Full Time Support Program Office" position. On the "Referral List Candidate Selection" form, Mr. Williamson recorded "I have selected Linda Bruneau based on her expertise, experience, training and skills."

29. Contradicting the written record, David Sims, a younger male hired by Mr. Williamson for a newly created GS-301-15 "Director of Full Time Support" position, claims that he, and not Mr. Williamson, chose Ms. Bruneau over Ms. Griffin for the position.

30. Plaintiff timely asserted and has exhausted administrative remedies on her claims related to the selection of Ms. Bruneau for the GS-301-14 position.

**Count I - Gender Discrimination**

31. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 30.

32. It is an unlawful employment practice for Defendant Secretary of the Army and the Department of the Army, through their agents, to discriminate against Plaintiff Griffin, a female, in the terms and conditions of her employment based on her gender.

33. In its continuing failure to properly classify Ms. Griffin's position at the GS-14 level, Defendants the Secretary and Department of the Army have discriminated against Plaintiff because of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended.

34. As a proximate result of her discriminatory treatment, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

35. Defendant's discriminatory treatment of Plaintiff was done with such malice or reckless indifference to its obligations, and Plaintiff's rights, under Title VII as to warrant an award of punitive damages, if such damages are permitted by law.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her

Title VII gender discrimination claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she would have been promoted to that grade absent illegal gender discrimination;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, from the date the jury finds that she would have been promoted to that grade absent illegal gender discrimination;

3. Interest on the back pay differential, calculated from the date of each pay period at which she was denied her proper pay at the GS-14 grade level;

4. A judgment against Defendant Secretary of the Army for her reasonable attorneys' fees, costs and disbursements;

5. Compensatory damages under 42 U.S.C. § 1981a for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

6. If permitted by law, punitive damages in an amount to be determined by the jury.

**Count II - Equal Pay Act**

36. Plaintiff restates and incorporates by reference each of the factual

allegations set forth in paragraphs 1 though 30.

37. Since 2000, Plaintiff has performed duties substantially similar to those performed by a male, William G. Veal, and which require equal skill, effort and responsibility.

38. Notwithstanding the substantial similarity and equal skill effort and responsibility required of Ms. Griffin, her position has been classified at a grade lower than Mr. Veal's, resulting in her receipt of wages, on a continuing basis, at rates less than paid Mr. Veal.

39. This difference in wage rates is not explained by nondiscriminatory application of the position classification system or any legitimate factor other than sex.

40. The continuing failure to properly classify Ms. Griffin's position at the GS-14 grade level has been in bad faith and with such reckless disregard for whether Defendants' conduct was prohibited by the Equal Pay Act, 29 U.S.C. § 206(d)(1), as to warrant liquidated damages and back pay for three years' preceding the filing of this action.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her Equal Pay Act claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-

14 as of the date the jury finds that she was denied equal pay for performing equal work because of her gender;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

3. Liquidated damages in an amount equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

4. Interest on the back pay differential;

5. A judgment against Defendants for her reasonable attorneys' fees, costs and disbursements.

**Count III - Age Discrimination**

41. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 30.

42. It is an unlawful employment practice for Defendants to discriminate against an individual with respect to the terms and conditions of employment based on that individual's age, if forty years of age or older.

43. For pretextual reasons, Plaintiff, who is over forty years of age, has been denied the reclassification of her position to the GS-14 grade level warranted and justified by her duties and responsibilities. In contrast, knowing of the difference in treatment, Defendants reclassified the position held by Mr. Veal, who is younger than Plaintiff, and has continued the misclassification of Plaintiff's position.

44. The continued refusal to reclassify Plaintiff's position to the GS-14 grade level constitutes intentional age discrimination against Plaintiff.

45. Defendant's failure to select Plaintiff for promotion to GS-14 positions filled by younger, less qualified candidates since 2002, including selection of Ms. Bruneau for the GS-301-14 position in October 2004, constitutes intentional age discrimination against Plaintiff.

46. The continuing failure to properly classify Ms. Griffin's position at the GS-14 grade level, or to promote her to GS-14 positions as vacancies have occurred, has been in bad faith and with such reckless disregard for whether Defendants' conduct was prohibited by the Age Discrimination in Employment Act, 29 U.S.C. § 633a, as to warrant liquidated damages and back pay for the three years preceding the filing of this action.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her

Age Discrimination claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she was denied reclassification of her position to GS-14 work because of her age;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

3. Liquidated damages in an amount equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, beginning with the pay period ending immediately after the date three years preceding the filing of this action;

4. Interest on the back pay differential;

5. A judgment against Defendant for her reasonable attorneys' fees, costs and disbursements.

**Count IV - Retaliation**

47. Plaintiff restates and incorporates by reference each of the factual allegations set forth in paragraphs 1 though 34.

48. Plaintiff Griffin has participated in activities protected from retaliation

by Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act, and the Equal Pay Act and engaged in similarly protected opposition to practices she reasonably and in good faith believed to be discriminatory.

49. Defendant has retaliated against Plaintiff because she engaged in protected participation and opposition by continuing to refuse to classify her position to GS-14.

50. Defendants have also retaliated against Plaintiff by denying her promotion to GS-14 positions created and filled since she engaged in protected participation and opposition to discriminatory practices, including the positions Mr. Williamson created and selected Mr. Taylor and Ms. Bruneau to fill.

51. As a proximate result of her retaliatory treatment, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

52. Defendant's retaliatory treatment of Plaintiff was done with such malice or reckless indifference to its obligations, and Plaintiff's rights, under Title VII, the Age Discrimination in Employment Act, and the Equal Pay Act as to warrant award of punitive damages, if available as a matter of law, and liquidated damages.

WHEREFORE, premises considered, Plaintiff prays for the following relief on her

retaliation claim:

1. Equitable relief in the form of a retroactive promotion to the grade of GS-14 as of the date the jury finds that she would have been promoted to that grade but for illegal retaliation;

2. Back pay, equal to the difference between her earnings at the GS-13 grade and what she would have earned at grade GS-14, from the date the jury finds that she would have been promoted to that grade but for illegal retaliation;

3. Interest on the back pay differential, calculated from the date of each pay period at which she was denied her proper pay at the GS-14 grade level;

4. A judgment against Defendants for her reasonable attorneys' fees, costs and disbursements;

5. Compensatory damages under 42 U.S.C. § 1981a for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

6. Punitive damages, if allowed by law;

7. Liquidated damages, as permitted under the Equal Pay Act and Age Discrimination in Employment Act.

Plaintiff demands a jury trial on all issues triable by jury under the law.

Respectfully submitted this 25th day of November 2005.

/s/Robert E. Rigrish
Georgia Bar No. 605573
Bodker, Ramsey, Andrews, Winograd &
Wildstein, P.C.
One Securities Centre
Suite 1400
3490 Piedmont Road
Atlanta, GA 30305
Ph. (404) 351-1615
Fax (404) 352-1285
rrigrish@brawwlaw.com

Attorneys for Plaintiff
Hilda Griffin

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO. 1:05-CV-0355-BBM |
| | : | |
| FRANCIS J. HARVEY, in his official capacity as Secretary of the Army, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This employment discrimination matter is before the court on the Motion for Summary Judgment [Doc. No. 39] filed by Defendant Francis J. Harvey, in his official capacity as Secretary of the Army ("Secretary Harvey" or "the Secretary").

## I. Factual and Procedural Background

Unless otherwise noted, the following material facts are not in dispute.[1]

---

[1]While Ms. Griffin responded to Defendant's Statement of Undisputed Material Facts as required by Local Rule 56.1.B.(2)(a), she did not provide the court with a "separate statement of material facts," and thus to the extent she alleges additional facts, she failed to comply with Local Rule 56.1.B.(2)(b). While the court could decline to consider any such additional facts, see L.R. 7.1F., N.D. Ga., in the interests of judicial economy the court will allow Plaintiff to assert these additional facts in her response, and will refer to her statement (as she herself did) as "Plaintiff's L.R. 56.1.B.(2) Statement of Material Facts" ("Pl.'s SOF"). Additionally, as Ms. Griffin did not submit separate facts, the court will usually refer to Defendant's Statement when the facts are not in dispute.

Hilda M. Griffin ("Ms. Griffin") was born on February 14, 1943, is now 63 years old, and is currently domiciled in Douglas County, Georgia. At all times relevant to this lawsuit, Ms. Griffin worked for the Force Programs Directorate of the United States Army Reserve Command ("USARC").

In 2000, the Force Programs Directorate underwent a reorganization which resulted in merging two Full Time Support ("FTS") Team Chief positions into a single FTS Branch Chief position. When this reorganization occurred, Ms. Griffin became the FTS Branch Chief. In her newly-consolidated position, Ms. Griffin assumed additional policy and supervisory responsibilities, including supervision of two subordinate GS-13 classified employees.[2] The two original FTS Branch Chief positions were GS-13 positions, and after consolidation, the FTS Branch Chief position held by Ms. Griffin remained classified as GS-13. At the same time, the Command Integration ("CI") Branch Chief -- another Branch Chief position created the previous year and held by Mr. William (Gary) Veal ("Mr. Veal") -- was classified as a GS-14 position.

In January 2001, Mr. Paul Vilcoq ("Mr. Vilcoq") initiated an action to consider reclassifying Ms. Griffin's FTS Branch Chief position from a GS-13 to a GS-14 status,

[2]General Schedule, or "GS," is a term used to reference a pay scale for federal white collar employees. Generally the higher the GS number, the higher the pay.

thereby placing it on the same pay scale as Mr. Veal. Mr. Vilcoq submitted this request for reclassification of the FTS Branch Chief position to Ken Williamson ("Mr. Williamson") in June of 2001. When he submitted the request to Mr. Williamson, Mr. Vilcoq did not provide information regarding Ms. Griffin's qualifications, experience or other individual characteristics, though he did provide the information that Mr. Veal's CI Branch Chief Position had been upgraded to GS-14 status in 1999. Mr. Williamson reviewed the reclassification update application, but rejected it in October 2001.

In the time period between her application and the decision pertaining to the classification of the FTS Branch Chief position, Ms. Griffin applied for a newly created GS-14 position of "Resource Integration Office Chief." (Def.'s Statement of Material Facts About Which There is No Genuine Dispute ("Def.'s SOF") ¶¶ 116-17.) However, Mr. Williamson selected John Taylor ("Mr. Taylor") for this position. Ms. Griffin learned that Mr. Taylor received the position in January of 2002.

In February 2002, Ms. Griffin learned of Mr. Williamson's decision to deny reclassification of her position. Ms. Griffin submitted a memo concerning the denial of the FTS Branch Chief reclassification to her superior, Colonel Blakeney, on February 21, 2002. In May 2002, Ms. Griffin had a discussion with Mr. Williamson inquiring into the "status of [her] job reclassification." (Dep. of Hilda M. Griffin,

Jan. 10, 2006 ("Griffin Dep") 70:7-8.) During that meeting, Mr. Williamson told her that he still did not support reclassification of the FTS Branch Chief position, citing the fact that he didn't support a GS-14 working for a Lieutenant Colonel. When Ms. Griffin mentioned that Mr. Veal was a GS-14 and reported to the same Lieutenant Colonel, Mr. Williamson reportedly replied, "Well, I let that one slip by." (Id. 70:10-12.) Ms. Griffin, in turn, replied that "well, you know, he's a male and I'm a female." (Tr. of Office of Complaint Investigations ("OCI") Fact Finding Conference Dated Sept. 9, 2003 ("Sept. OCI Tr.") 20:18.). In response, Mr. Williamson apparently told Ms. Griffin: "[Y]ou shouldn't be the one to have to resolve this issue" and to not do anything until he talked to her directorate and direct supervisor, Mr. Vilcoq. (Pl.'s SOF ¶ 63.)

In July 2002, Colonel Blakeney sent Ms. Griffin's February 2002 memo and the FTS Branch Chief position description to the Deputy Chief of Staff of Personnel, Colonel Spoon, who in turn forwarded the position description to the Civilian Personnel Advisory Center ("CPAC") for advisory classification.[3] CPAC e-mailed its advisory opinion in July of 2002, in which it found that the FTS Branch Chief position was properly classified as a GS-13 position.

[3]Ms. Griffin alleges that it may in fact have been "Mr. Thomas," who actually caused the description to be sent to CPAC. (Pl.'s SOF ¶¶ 71, 84).

Unaware that the CPAC had already given an opinion on her position, Ms. Griffin filed an Inspector General ("IG") Action Request seeking a review of the GS-13 classification on September 3, 2002. In this request, she stated that she was a victim of "circumstances and discrimination" because her personnel action was not being processed in a timely manner. (Pl.'s SOF ¶ 94; Def.'s SOF ¶ 96). Through this IG investigation, on December 6, 2002, Ms. Griffin learned that CPAC had already reviewed the FTS Branch Chief reclassification decision and found that her position was properly classified as GS-13. On January 3, 2003,[4] Ms. Griffin sought EEO counseling and she filed a formal EEO complaint on March 10, 2003.

Mr. Williamson hired David Sims ("Mr. Sims") to spearhead an effort to get the civilian pay structure "under control" in June of 2004. (Def.'s SOF ¶¶ 137, 139.) A GS-14 position of Operations Officer was created within Mr. Sims's division in order to manage the allocation of resources. Ms. Griffin applied for the Operations Officer position, along with Linda Bruneau ("Ms. Bruneau"). Mr. Sims received an initial group of 18 applicants, and narrowed that pool down to the ten who received

[4]Although Plaintiff contends that she contacted an EEO counselor on January 3, 2003, the EEO Director for the Army Reserve, Sonya Clumpner, wrote a letter to Ms. Griffin through counsel on March 14, 2003, referring to his client's discrimination complaint and specifying that her initial contact was on January 17, 2003. However, the court will, like the Plaintiff, consider the contact date January 3, 2003, because the Secretary does not appear to dispute that date (the court assumes that Secretary Harvey's single reference to the contact date in its Brief in Support of its Motion for Summary Judgment as January 23, 2003, is a typographical error).

interviews, including Ms. Griffin, and also Ms. Bruneau, the candidate eventually chosen for the job. Mr. Sims, who interviewed the candidates, reported that he considered five factors in assessing the candidates: (1) experience with full time support manpower analysis, requirements and authorizations; (2) experience working with the command plan; (3) human resources background; (4) resource management; and (5) changes to management and the transformation of the Army Reserve. Mr. Sims ranked Ms. Griffin similarly to Ms. Bruneau; in fact, Ms. Griffin was apparently Mr. Sims's second choice overall of the candidates who interviewed. (Tr. of OCI Fact Finding Conference Dated June 21, 2005 ("June OCI Tr.") 37.) However, he ranked Ms. Bruneau higher than Ms. Griffin on the final factor, and Ms. Bruneau was eventually selected for the position.[5] Ms. Griffin filed a formal EEO complaint concerning the decision not to hire her for the Operations Officer position on February 1, 2005.

[5]Ms. Griffin contends that Mr. Williamson was responsible for the selection of Ms. Bruneau for the Operation Officer position, based on official records denoting Mr. Williamson as the decisionmaker. Secretary Harvey responds by stating that it was Mr. Sims, not Mr. Williamson, who actually made the hiring decision. For purposes of this Summary Judgment Motion filed by Secretary Harvey, the court will assume that Mr. Williamson was the ultimate decisionmaker, though that does not undermine the essentially undisputed facts that Mr. Sims conducted the interviews and rated Ms. Bruneau higher than Ms. Griffin. (Though Ms. Griffin claims to dispute these facts, they are only disputed as not being an accurate description of the cited evidence. Having viewed the cited evidence, however, the court does not agree.)