IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-318 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Response to Motion to Dismiss**

Defendant seeks to avoid litigating the merits of Plaintiff Hilda M. Griffin's 29 U.S.C. § 206(d) Equal Pay Act ("EPA") claim, contending that this Court lacks subject matter jurisdiction over the claim transferred to this Court *because* Defendant's counsel asserted that this Court, and not the United States District Court for the Northern District of Georgia, had exclusive jurisdiction over Mrs. Griffin's EPA claim. As found by the United States District Court for the Northern District of Georgia ("District Court"), genuine issues of material fact exist requiring trial on the merits of Mrs. Griffin's claim. This Court has subject matter jurisdiction over Mrs. Griffin's EPA claim, and the District Court's dismissal of Mrs. Griffin's Title VII claims on timeliness grounds does bar this Court, on res judicata grounds, from deciding the merits of Mrs. Griffin's Equal Pay Act claim.

**Issues Presented**

1. Whether Plaintiff's Equal Pay Act claim is materially different from her

Title VII claim, or seeks different relief, such that the Federal Circuit's decision in County of Cook does not deprive this Court of jurisdiction to decide the genuine issue of substantive material facts presented by Mrs. Griffin's Equal Pay Act claim.

2. Whether the District Court's dismissal of Mrs. Griffin's Title VII Claim, on timeliness grounds, while recognizing genuine issues of material fact for trial, was a disposition on the merits having the res judicata effect of barring Mrs. Griffin's substantive Equal Pay Act claim.

**Statement of the Case**

Hilda M. Griffin is employed as a GS-13 Supervisory Management Analyst at Headquarters, U.S. Army Reserve Command, an instrumentality of the Department of Defense located at Fort McPherson, Georgia. In a complaint originally filed on February 4, 2005 in the United States District Court for the Northern District of Georgia, and subsequently amended on November 25, 2005, Mrs. Griffin asserted independent claims arising from Defendant's agents' failure to act on the reclassification of her position to the GS-14 grade level and the disparity in classification and pay between her position and that held by William (Gary) Veal, her male coworker, whose position was classified at the GS-14 level. Defendant's Appx at Amended Complaint, pp. 9-12. As was her right under the Equal Pay Act and Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §

2000e-16, Mrs. Griffin asserted claims for relief under both statutes, seeking, as is provided by these different statutes, different remedies for her different statutory claims. Def. Appx. at Amended Complaint, at pages 10-12.

Defendant moved for summary judgment in the District Court, contending that Mrs. Griffin's Title VII claim challenging the failure to properly classify her position was not timely brought to the attention of an agency Equal Employment Opportunity counselor and that no genuine issues of material fact existed for trial on the merits of that claim. See Def. Appx., District Court December 14, 2006 Order at 22. Defendant also moved for summary judgment, or to dismiss or transfer, Mrs. Griffin's Equal Pay Act claim, contending that no genuine issue of material fact existed on the reasons for disparity in pay and classification between her position and Gary Veal's and, alternatively, that Mrs. Griffin's claim sought damages exceeding $10,000 which, under the Tucker Act, 28 U.S.C. § 1491 (a), fell within the exclusive jurisdiction of this Court. Def. Appx, District Court December 14, 2006 Order at 22-26, 41-42.

The District Court did not address and decide the merits of Plaintiff Griffin's Title VII classification claim. Instead, the District Court granted summary judgment to Defendant, finding that Mrs. Griffin had not timely presented her Title VII intentional discrimination classification claim to an Army EEO counselor. Id. at 22; *see also* 29 C.F.R. § 1614.105(a)(i).

The District Court did address the merits of Mrs. Griffin's EPA pay disparity claim, finding that genuine issues of material fact existed for trial. Def. Appx, District Court December 14, 2006 Order at 22-26. Accepting the uncontested assertion that Mrs. Griffin's EPA claim exceeded $10,000, the District Court reaffirmed its previous holding that it lacked subject matter jurisdiction, and transferred Mrs. Griffin's Equal Pay Act claim to this Court. Mrs. Griffin's Transfer Amended Complaint was filed in this Court on June 19, 2007.

## Argument

### I. The Operative Facts and Remedies for Defendant's Equal Pay Act violation Differ From Those on Plaintiff' Griffin's Title VII Claim, and 28 U.S.C. § 1500 Does Not Deny This Court Subject Matter Jurisdiction to Decide Her EPA Claim.

The statute on which Defendant relies to avoid the merits of Mrs. Griffin's EPA claim, 28 U.S.C. § 1500, was enacted to preclude duplicative, Reconstruction-Era cotton claims for monetary damages against the United States and its agents at a time when the United States was not protected by res judicata from such "duplicative lawsuits." UNR Industries, Inc. v. United States, 962 F.2d 1013, 1017-19 (Fed. Cir. 1992), *affirmed*, Keene Corp. v. United States, 508 U.S. 200, 113 S.Ct. 2035, 2039-40 (1993). Its purpose was to prevent the United States from having to defend the same action in two courts at the same time. Johns-Manville Corp. v. United States, 855 F.2d 1556, 1564 (Fed. Cir. 1988). As a jurisdictional statute, § 1500 "must be construed with strict fidelity to its terms."

*See* Stone v. INS, 514 U.S. 386, 405 (1995). It is only by reading § 1500 beyond its express terms, and invoking language in 28 U.S.C. § 1631, that the court in United States v. County of Cook, 170 F.3d 1084, 1087 (Fed. Cir. 1999) found that the claims before it, and within the Court of Federal Claims' exclusive jurisdiction, could be barred if originally filed with other claims in a Federal District Court, then transferred to this Court. County of Cook, 170 F.3d at 1091. The effect of County of Cook, if applied in a perfunctory manner to a Federal employee's Title VII and Equal Pay Act claims, is to deny a Federal employee the substantive rights and distinct statutory remedies provided under these two ameliorative statutes if her Equal Pay Act claim exceeds $10,000. As Circuit Judge Plager wrote for the Federal Circuit, sitting *en banc*, in denying a similar invocation of § 1500 to avoid the merits of a claim: "[A]bsent a clear expression of Congressional intent we ought not extend the statute [§ 1500] to allow the Government to foreclose non-duplicative suites and to deny remedies the Constitution and statutes otherwise provide." Loveladies Harbor, Inc. v. The United States, 27 F.3d 1545, 1556 (Fed. Cir. 1994).

In order for two claims to be considered the "same claim" under 28 U.S.C. § 1500, they must arise out of the same set of operative facts and seek the same relief. Loveladies, 27 F.3d at 1550-51. Failure to meet either the 'same operative facts' or the 'same relief' requirement precludes the Court of Federal Claims from

applying 28 U.S.C. § 1500. Cooke v. United States, 77 Fed. Cl. 173, 176 (2007)(citations omitted).

‘Operative facts,’ and not legal theories, draw the distinction under 28 U.S.C. § 1500, at least when the same relief is sought. Loveladies, 27 F.3d at 1549-50; Cooke, 77 Fed. Cl. at 176. Claims involving the same general factual circumstances, but distinct material facts, will not trigger § 1500. d’Abrera, et al. v. United States, 2007 U.S. Claims LEXIS 264, *21 (August 15, 2007)(quoting Branch v. United States, 29 Fed. Cl. 606, 609 (1993). Mrs. Griffin asserted distinct claims, arising from the same general factual circumstances, under Title VII and the EPA, and § 1500 does not deprive this Court of jurisdiction to hear her EPA claim.

The general factual circumstances give rise to two distinct claims. Mrs. Griffin’s Title VII claim arose from Ken Williamson’s intentional and discriminatory interference with Mrs. Griffin’s supervisors’ efforts to have her position reclassified to the GS-14 grade level. This interference, and its tardy disclosure to Mrs. Griffin, is set forth in “notice” pleading terms in Mrs. Griffin’s District Court complaints, and discussed at length by the District Court.[1] Def. Appx. At Amended Complaint, ¶¶ 12-22; District Court December 14, 2006 Order

[1] Mrs. Griffin asserted additional, and quite different, Title VII retaliation and age discrimination claims in District Court arising from her nonselection for a new

at 9-21; see also Fed.R.Civ.P. 8(a). As the District Court recognized, *id*. at 20-21, *citing* Douglas v. Norton, 167 Fed. Appx. 698, 711 n. 17 (10th Cir. 2006), Mrs. Griffin's Title VII claim was not the same as her EPA claim. The material facts relevant to Mrs. Griffin's substantive Title VII claim, aside from her timely assertion and exhaustion of administrative remedies, required proof of intentional gender discrimination. *See* Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 148-151 (2000); compare Miranda v. B&B Cash Grocery, 975 F.2d 1518, 1525 (11th Cir. 1982)(explaining the differences between Title VII pay disparity and EPA burdens of proof).

In contrast, the material or 'operative' facts underlying Mrs. Griffin's EPA claim are her proof that her job, and Gary Veal's, require equal skill, effort and responsibility. If she can meet this burden, then the Defendant bears the burden of proving, as an affirmative defense, that any pay disparity was the result of a factor other than sex. 29 U.S.C. § 206(d)(1)(iv). Discriminatory motive, key to Mrs. Griffin's Title VII claim, is not an operative fact on her EPA claim.

Congress has provided, and Mrs. Griffin sought, different remedies for her Title VII and Equal Pay Act claims, further distinguishing these claims for purposes of 28 U.S.C. § 1500. That different statutes provide, and plaintiff seeks, similar relief does not mandate application of Section 1500. Loveladies, 27 F.3d at

---

position filled by a younger candidate after Mrs. Griffin pursued her Title VII

1553 (similar prayers for relief in District Court and Claims Court complaints did not mean the complaints sought the same relief); *see also* OSI, Inc. v. United States, 73 Fed. Cl. 39, 453 (2006)(claims not the same when each sought different measures and amounts of monetary relief).

The remedial provisions applicable to the Equal Pay Act provides money damages measured by the amount of unpaid wages, plus liquidated damages in an equal amount and equitable relief. See 29 U.S.C. §§ 206(d)(1), 216(b). Mrs. Griffin's EPA claim in the District Court and transfer complaint seek these remedies, with the District Court complaint adding reference to a jury (a Title VII right) playing some role in the District Court adjudication. Def. Appx. at Amended Complaint, pp. 11-12. Title VII provides, and Mrs. Griffin sought, different remedies: equitable relief in the form of backpay and retroactive classification, a jury trial, and compensatory damages under 42 U.S.C. §§ 1981a(a)(1), (b)(2). See 42 U.S.C. § 2000e-5(g)(1), (k).

Not surprisingly, Defendant relies on Harbuck v. United States, 58 Fed. Cl. 266 (2003), aff'd, 378 F.3d 1324 (Fed. Cir. 2004), to contend that Mrs. Griffin's EPA claim must be dismissed on jurisdictional grounds. To be sure, the Court in Harbuck reviewed the plaintiff's claims and concluded that her Title VII and EPA arose from the same operative facts and sought the same relief, satisfying the tests

---

claims. Def. Appx. at Amended Complaint, ¶¶ 28-30, 50.

in Loveladies Harbor. Harbuck's claims, as described in the Courts' decisions, differ from Mrs. Griffin's, and do not demonstrate the differences in operative facts and remedies that allow Mrs. Griffin's claims to survive the Motion to Dismiss.

As the District Court recognized, Mrs. Griffin's Title VII and Equal Pay Act claims are different, arising from different operative facts. They sought different, albeit in some ways analogous remedies. Under Loveladies Harbor, 27 F.3d 1545, as recently applied in Cooke, 77 Fed. Cl. 173, and d'Abrera, 2007 U.S. Claims LEXIS 264 (No. 06-427C, No. 07-365C), and considering the facts in the light most favorable to her, Mrs. Griffin makes a prima facie showing of jurisdictional facts sufficient to avoid Defendant's Motion to Dismiss. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994).

## II. Mrs. Griffin's Title VII Classification Claim Was Not Decided On the Merits, and Res Judicata Does Not Bar Her Pursuit of Her EPA Claim In This Court.

A brief perusal of the District Court's December 14, 2006 Order belies Defendant's assertion that the District Court decided Mrs. Griffin's key gender discrimination claim "on the merits," such that its Order is res judicata, barring Mrs. Griffin's Equal Pay Act claim.

The District Court granted Defendant summary judgment on Mrs. Griffin's Title VII challenge to the failure to properly classify her position at the GS-14

level because it found that she had not timely presented that claim to an Army EEO counselor. The District Court did not reach, or decide, the merits of Mrs. Griffin's Title VII claim on this point; in fact, on the analogous, but different, Equal Pay Act claim, which, as described above, arises from different operative facts, the District Court found genuine issues of material fact requiring trial. This was the premise to its Order transferring the EPA claim to this Court. Def. Appx. at District Court December 14, 2006 Order, pp. 22, 25-26, 40-41. Because the District Court did not decide the only analogous Title VII against Mrs. Griffin (which it recognized arose from different operative facts) on the merits, and recognized that genuine issues remained for trial on the merits of her EPA claim, res judicata does not require dismissal of this case.

## Conclusion

As made apparent in Judge Plager's opinion on behalf of the en banc court in Loveladies Harbor, the Reconstruction Era 28 U.S.C. § 1500, read with 28 U.S.C. § 1631, provides the government with a facile tool to deny Plaintiffs rights and remedies provided to them by law. In appropriate circumstances - where, for example, the government is forced to defend against the same claims, at the same time, in different courts - application of this tool may be appropriate. That is not the case here. Presented with genuine issues of material fact for trial, Defendant raised this Court's jurisdiction to avoid litigating Mrs. Griffin's EPA claim in

Atlanta, only to deny this Court's jurisdiction when the case was transferred to it. The operative facts underlying Mrs. Griffin's EPA claim, and the remedies she seeks and is entitled to under it, present claims within this Court's subject matter jurisdiction that are not barred by any reasonable application of Section 1500. Defendant's Motion should be denied.

Respectfully submitted this 1st day of October 2007.

/s/Robert E. Rigrish
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
One Securities Centre
Suite 1400
3490 Piedmont Road
Atlanta, GA 30305
Ph. (404) 351-1615
Fax (404) 352-1285
rrigrish@brawwlaw.com

Attorney for Plaintiff
Hilda Griffin

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2007, I electronically filed the foregoing Response to Motion to Dismiss. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.

By: /s/ *Robert E. Rigrish*