IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HILDA M. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 07-318C |
| The UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to dismiss, filed on August 20, 2007. Plaintiff's response in opposition to this motion was filed on October 1, 2007.

**SUMMARY OF ARGUMENT**

In our motion to dismiss Ms. Griffin's complaint, we demonstrated that this case should be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and 28 U.S.C. § 1500 because, (1) when she filed her Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), claim in the United States District Court for the Northern District of Georgia, a claim that subsequently was transferred to this Court, she simultaneously filed Title VII, 42 U.S.C. § 2000e et seq., discrimination claims in that court; and (2) the EPA claim and the Title VII discrimination claims arose from the same operative facts and sought essentially the same relief. In the alternative, we demonstrated that Ms. Griffin's complaint in this Court is barred by the doctrine of res judicata because she received a final judgment on the merits of her Title VII claims in the United States District Court for the Northern District of Georgia, and her Title VII claims are based upon the same set of transactional facts as her EPA claim and involve the same parties.

In her response to our motion to dismiss, Ms. Griffin argues that her EPA claim before this Court does not arise from the same operative facts or seek the same relief as her Title VII claim before the district court. Thus, she argues, this case is distinguishable from the decision of the Court of Appeals for the Federal Circuit in Harbuck v. United States, 58 Fed. Cl. 266 (2003), aff'd 378 F.3d 1324 (Fed. Cir. 2004), by which this Court is bound. She further contends that the district court's decision is not entitled to preclusive effect from this Court. We respond to each of these contentions below.[1]

## ARGUMENT

### I. Ms. Griffin's EPA Claim In This Court Arises From The Same Operative Facts As Her Title VII Claim Before The District Court

Ms. Griffin contends that her that her EPA claim before this Court does not arise from the same operative facts as her Title VII claim before the district court because her EPA claim does not require proof of a discriminatory motive, but her Title VII claim does require such proof. Pl. Resp. 7. This argument, in essence, relies on the fact that Ms. Griffin has asserted different legal theories, which, as we demonstrated in our opening brief, does not establish that her claims arise from different operative facts. Def. Mtn. Dismiss 8 (citing Harbuck, 378 F.3d at 1329; Loveladies Harbor, 27 F.3d 1545, 1549 (Fed. Cir. 1994)). That is, rather than identify distinct

[1] We note also that Ms. Griffin attempts to persuade the Court to ignore § 1500 because, she contends, the dismissal of her complaint would "deny a Federal employee the substantive rights and distinct statutory remedies" provided by the EPA and Title VII. Pl. Resp. 5. In De Leon v. United States, 69 Fed. Cl. 336 (Fed. Cir. 2005), however, the Court found that whether or not § 1500 would leave the Plaintiff without a forum for her EPA claim was not "legally relevant." 69 Fed. Cl. at 341. Moreover, Ms. Griffin, like the plaintiff in De Leon, could have maintained her EPA claim by either: (1) filing her EPA claim with the United States Court of Federal Claims before she filed in district court; or (2) limiting her EPA claim to less than $10,000 and remaining in the district court. De Leon, 69 Fed. Cl. at 341. Thus, Ms. Griffin was not left without a forum in which to assert her EPA claim.

facts that form the basis for each claim, Ms. Griffin has merely pointed to the fact that one of her asserted theories of recovery, her Title VII claim, requires proof of an additional element to sustain her claim. Like the claims in Harbuck, the plaintiff's "EPA claim consists of a subset of the same factual allegations as her broader District Court case." Harbuck, 58 Fed. Cl. at 269. Further, as in Harbuck, plaintiff plead the following facts in order to support both her EPA claim and Title VII claims: (i) that defendant paid a male employee higher wages than plaintiff for work which required equal skill, effort and responsibility, (ii) defendant failed properly to grade and classify her work and compensate her at the appropriate rate, and (iii) defendant failed to advance plaintiff's GS level. These similarities between Ms. Griffin's complaints establish not only that her claims in this Court and in the district court were based upon the same operative facts, but also that this case is neither factually nor legally distinguishable from Harbuck. As this Court concluded in that case, "[n]o matter how one parses the complaints, the same alleged discrimination on the basis of sex is at the root of the instant case and [the Title VII claim in the district court]." Id. at 270.

## II. **Ms. Griffin's EPA Claim In This Court Seeks The Same Relief As Her Title VII Claim Before The District Court**

In her response, Ms. Griffin also argues that the relief she seeks in this case differs from the relief she sought from the district court because she seeks liquidated damages in this action, but could not obtain a liquidated damages in district court. Pl. Resp. 8.[2] Even though she

[2] Ms. Griffin's response merely cites the laundry list of damages categories that she claims in each action, without explanation about how the remedies that she seeks in each case are different from the remedies sought in the other case. The remedies that she lists appear to request the same relief notwithstanding the fact that she has labeled them differently: (i) her claim for "unpaid wages" in her EPA claim and her claims for "back pay" and "compensatory damages" in her Title VII claim all appear to seek money reflecting the difference between the amount that she was paid and the amount that she would have been paid but for the alleged

requested monetary damages for her Title VII claims, she implies that she could only receive liquidated damages under the EPA from this Court. Id. As we noted in our opening brief, "[t]he inclusion of other and different requested relief in the two complaints does not avoid the application of [§ 1500]." Def. Mot. at 10-11 (citing Harbuck, 378 F.3d 1329). "As long as the same relief is sought in both cases–here money damages–the second prong of the § 1500 requirement that the 'same relief' be involved in both cases is satisfied." Id.; see Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988). Therefore, the fact that a liquidated damages award may not have been available to Ms. Griffin in her Title VII claims in the district court does not change the fact that her Title VII claims and EPA claim seek essentially the same relief– monetary damages.

In fact, as we demonstrated in our motion to dismiss, Ms. Griffin's prayers for relief in the district court and in this Court are remarkably similar. See Def. Mot. at 10. Plaintiff's Transfer Amended Complaint in this Court seeks (1) retroactive promotion to the grade of GS-14; (2) back pay to reflect the difference in pay between a GS-13 and GS-14 salary; (3) interest on back pay; (4) liquidated damages; and (5) attorneys' fees and costs. Tr. Amend. Compl., p. 6-7, Prayer for Relief, ¶¶ 23(1)-(5).) In the district court complaint, Ms. Griffin sought the following remedies for her Title VII gender claim: (1) retroactive promotion to the grade of GS-14; (2) back pay to reflect the difference in pay between a GS-13 and GS-14 salary; (3) interest on back pay; (4) attorneys' fees and costs; (5) compensatory damages; and (6) punitive damages,

---

discrimination; and (ii) her claim for "equitable relief" in her EPA claim and her claim for "retroactive classification" in her Title VII claim both appear to seek an order from the Court requiring the Army to classify her as a GS-14. We note also that Ms. Griffin incorrectly identifies a jury trial as a remedy. The only difference between the remedies in the two case, then, is her claim in the present case for liquidated damages, which, like the remedies she sought in the district court, is a monetary remedy.

if permitted by law.[3] A1-17. It is clear from the plain language of both the district court complaint and the Transfer Amended Complaint before this Court that Ms. Griffin is seeking the same relief in both complaints.

### III. The District Court's Grant Of Summary Judgment Is Entitled To Preclusive Effect In This Court

Ms. Griffin contends that the district court's judgment was not on the merits and, therefore, that her claim in this Court is not barred by the doctrine of res judicata. Pl. Resp. 9-10. Specifically, she states that the district court dismissed her Title VII claim because she failed to present her claim to an EEO counselor within the time permitted to do so, which is a jurisdictional prerequisite to the assertion of a Title VII claim. Ms. Griffin relies entirely on the fact that the district court did not reach the substance of her Title VII claim, but such a determination is not required for res judicata to apply. Indeed, "[t]he characteristics that determine the extent of preclusion may have little to do with actual resolution on the merits," and "[t]hus, it is clear that an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted." 18A C. Wright & A. Miller, Fed. Prac. & Proc. Jurisd.2d § 4435.

"A decision that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion or res judicata." Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir. 1996). The Kratville case involved a grant of summary judgment in a

[3] Ms. Griffin also sought punitive damages in the district court. Because she would not have been entitled to punitive damages against a Federal entity for her Title VII claim, 42 U.S.C. § 1981a(b)(1); *see also* Alexander v. Fulton County, Ga., 207 F.3d 1303, 1322 (11th Cir. 2000), the Court should disregard this portion of her prayer for relief. Even if the Court determines it should consider this portion of her claim, her request for a different form of monetary damages is not sufficient to distinguish the relief sought in her district court case from the relief sough in this case.

Title VII action as the result of the plaintiff's failure to seek administrative EEO counseling. Id. at 197. The plaintiff attempted to cure the defect by seeking agency review after summary judgment was entered, and the agency permitted her to do so, impliedly waiving the review deadline. Id. The plaintiff then attempted to re-assert her claim in the district court, but her second complaint was dismissed on grounds of claim preclusion. The Court of Appeals for the Seventh Circuit upheld the dismissal, holding that the prior decision by the district court was "on the merits for purposes of claim preclusion." Id. at 198. In doing so, the court noted that the district court had entered summary judgment, rather than dismiss her claim without prejudice. It went on to explain that, if the court were to decide that the prior entry of summary judgment did not preclude claims based upon the same facts, it would render the district court's ability to enter summary judgment meaningless. Id.

As in Kratville, the district court in this case entered summary judgment based upon the Title VII plaintiff's failure to seek an administrative EEO remedy. In Kratville, the district court and the appellate court each determined that subsequent claims based upon the same facts were subject to claim preclusion. This Court should give the district court's summary judgment the same preclusive effect as the court in Kratville, and we therefore respectfully request that the court dismiss Ms. Griffin's claim in this case as res judicata.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[4]

[4] In the event the Court denies our motion to dismiss the complaint, we respectfully request that the Court grant us 45 days from the date of that decision to file a response.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

BRIAN BENTLY
U.S. Army Legal Services Agency
Litigation Division - Civilian Personnel Branch
901 North Stuart Street
Arlington, VA 22203

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

October 18, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of August, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler

INDEX TO APPENDIX

Description Page

Complaint filed on February 4, 2005, in United States District Court
for the Northern District of Georgia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Amended complaint filed on November 25, 2005, in United States District Court
for the Northern District of Georgia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Order of the United States District Court for the Northern District of Georgia
Granting in Part, and Denying in Part, the Motion for Summary Judgment filed
by the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Order dated January 5, 2007, from the United States District Court for the
Northern District of Georgia Transferring Action to the United States Court
of Federal Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

Order filed August 2, 2005, from the United States District Court for the
Northern District of Georgia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78